# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DORADO, CDCR #BN-7728,<br>Plaintiff,<br>v.<br>CITY OF SAN DIEGO; COUNTY OF SAN DIEGO; STATE OF CALIFORNIA; CATHERINE CRUMB, City of San Diego, Lead Detective; and ROBERT A BONTA, California Attorney General,<br>Defendants. | Case No.: 26-CV-4900 TWR (DEB)<br><br>**ORDER: (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g), AND (2) DISMISSING WITHOUT PREJUDICE CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>(ECF No. 2) |

Plaintiff Daniel Dorado, a prisoner High Desert State Prison in Susanville, California, proceeding without counsel, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (“Compl.,” ECF No. 1), together with a motion to proceed *in forma pauperis* (“IFP”) (“IFP Mot.,” ECF No. 2) on August 13, 2026. Plaintiff’s litigation history, however, precludes him from the privilege of proceeding IFP, and he fails to allege he faces imminent danger. The Court therefore **DENIES** Plaintiff’s IFP Motion and **DISMISSES WITHOUT PREJUDICE** this case.

/ / /

/ / /

## DISCUSSION

Typically, parties instituting a civil action in a United States district court must pay filing fees of $405.[1] *See* 28 U.S.C. § 1914(a). "An action may proceed despite failure to pay the filing fees only if the party is granted IFP status." *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners, however, "face an additional hurdle." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). To further "the congressional goal of reducing frivolous prisoner litigation in federal court," prisoners cannot proceed IFP once they "have, while incarcerated, on 3 or more *prior* occasions had claims dismissed due to their frivolity, maliciousness, or failure to state a claim." *Tierney v. Kupers*, 128 F.3d 1310, 1311–12 (9th Cir. 1997) (cleaned up); *see also* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

When courts review a dismissal to determine whether it counts as a § 1512(g) strike, "the style of the dismissal or the procedural posture is immaterial" because "the central question is whether the dismissal rang the [Prison Litigation Reform Act ("PLRA")] bells of frivolous, malicious, or failure to state a claim." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (cleaned up). Prior cases are considered strikes, then, "even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP for having three strikes, but "in some instances, the . . . court docket may be sufficient to show that a prior dismissal . . . counts as a strike."

---

[1] In addition to the $350 statutory fee, courts assess a $55 administrative fee. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The administrative fee does not apply to people granted IFP status. *Id.*

*Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Based on a review of its own dockets, the Court finds that Plaintiff Daniel Dorado, currently identified as California Department of Corrections and Rehabilitation ("CDCR") Inmate #BN-7728, while incarcerated, has had at least three prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Indeed, judges of this Court have recently ruled that Dorado has "accumulated at least three 'strikes' as defined by Section 1915(g)." Order Denying Motion to Proceed *in Forma Pauperis* and Dismissing Complaint at 3, *Dorado v. Cnty. of San Diego*, No. 25-cv-2434-CAB-DDL (S.D. Cal. Dec. 9, 2025), ECF No. 5 (denying IFP motion as barred by 28 U.S.C. § 1915(g) and dismissing case); *see also* Order Denying Motion to Proceed *in Forma Pauperis* as Barred by 28 U.S.C. § 1915(g) (ECF No. 2), and Dismissing Civil Action Without Prejudice for Failure to Pay Filing Fee Required by 28 U.S.C. § 1914(a) at 3–4, *Dorado v. City of San Diego*, No. 26-cv-4211-BAS-VET (S.D. Cal. Aug. 18, 2026), ECF No. 5 (same); *Dorado v. Cnty. of San Diego*, No. 26-cv-0741-RSH-SBC, 2026 WL 2138563, at *2–4 (S.D. Cal. July 24, 2026) (same). The three strikes are as follows:

(1) Order Dismissing Second Amended Complaint, *Dorado v. Crumb, et al.*, No. 3:20-cv-1936-JAH-LL (S.D. Cal. Sept. 24, 2021), ECF No. 33 (dismissing second amended complaint without further leave to amend as frivolous, for failure to state a claim, and for seeking damages against defendants who are absolutely immune pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b));

(2) Order: 1) Granting Motions to Proceed *in Forma Pauperis*, and 2) Dismissing Complaint for Failure to State a Claim, *Dorado v. Stephan, et al.*, No. 3:25-cv-0083-WQH-SBC (S.D. Cal. Feb. 25, 2025), ECF No. 7 (granting IFP and dismissing complaint with

leave to amend for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)); and Order Dismissing Action for Failure to State a Claim and for Failure to Prosecute, *Dorado v. Stephan, et al.*, No. 3:25-cv-0083-WQH-SBC (S.D. Cal. May 14, 2025), ECF No. 11 (dismissing action for failure to state a claim and failure to prosecute); and

(3) Order (1) Granting Motion to Proceed *in Forma Pauperis* [Doc. No. 17]; (2) Dismissing Complaint for Failure to State a Claim Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b); and (3) Denying Motion for Discovery [Doc. No. 7] as Moot, *Dorado v. City of San Diego, et al.*, No. 3:25-cv-1509-CAB-MSB (S.D. Cal. Sept. 24, 2025), ECF No. 19 (granting IFP and dismissing complaint without leave to amend for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)).

Nor can Plaintiff meet the "imminent danger of serious physical injury" exception under 28 U.S.C. § 1915(g). Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head." *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007) (cleaned up). It "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21-cv-347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021) (cleaned up). Plaintiff, who is now serving a sentence in state prison, claims that Defendants violated his civil rights during the investigation and prosecution leading to his convictions. (*See* Compl. at 3–4.) The actions complained of allegedly took place in 2018. (*See id.* at 14.) Plaintiff does not attempt to allege he is in any imminent danger.

Because Plaintiff has accumulated at least three "strikes" as defined by § 1915(g) and fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his complaint, he is not entitled to proceed IFP in this action. *See Cervantes*, 493 F.3d at 1055. The Court therefore:

1. **DENIES** Plaintiff's IFP Motion (ECF No. 2),

2. **DISMISSES WITHOUT PREJUDICE** this case based on Plaintiff's failure to pay the full $405 civil and administrative filing fee required by 28 U.S.C. § 1914(a),

/ / /

3. **CERTIFIES** that an IFP appeal from this Order would be frivolous and "not taken in good faith" pursuant to 28 U.S.C. § 1915(a)(3); and

4. **DIRECTS** the Clerk of Court to enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: October 14, 2026

Honorable Todd W. Robinson
United States District Judge